UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CENTELIA BATTISTE

VERSUS

ALLSTATE INSURANCE COMPANY

CIVIL ACTION

NO. 10-CV-680

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment by Defendant Allstate Insurance Company ("Allstate"). (Doc. 14). Plaintiffs Dwayne and Centelia Battiste ("Battistes") filed an opposition (doc. 22) to which Allstate did not reply. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the following reasons, the Defendant's motion is DENIED.

Plaintiff's property, situated at 2386 Ory Drive, Brusly, LA, was damaged by Hurricane Gustav in September of 2008. Plaintiff immediately initiated her claim with Defendant. The property was inspected on September 26, 2008. Allstate determined that the structural damage to Plaintiff's property amounted to $8,575.94 and the damage to her contents totaled $308.35. Allstate applied the $5,350 deductible and then paid the balance of $3,225.94 for the structural damage and $308.35 for the content damage, totaling $3,534.29. (Doc. 22, at 2). Allstate claims it did not hear from the Battistes again until it was served with this suit in September of 2010. (Doc. 14-1 at 2). In February of 2011, Plaintiffs presented Defendant with an independent assessment, which estimated the total

structural damage to be $36,583.39. (Doc. 22, at 2). In filing its motion, Allstate contends the Plaintiffs have provided no evidence that they had completed the structural repairs and whether those repairs exceeded the amount of the payments made by Allstate and their deductible. (Doc. 14-1 at 2).

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). If the dispositive issue is one on which the nonmovant will bear the burden of proof at trial, the moving party satisfies its burden by pointing out that there is insufficient proof concerning an essential element of the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the moving party meets the initial burden of showing there is no genuine [dispute as to] material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine [dispute] for trial." *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000). "Doubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000).

Allstate contends Plaintiffs have provided no evidence whatsoever that they had expended any repair funds beyond what Allstate has already paid. In

essence, Allstate is saying the Battistes have not offered satisfactory proof of loss. In their opposition, the Battistes attach receipts that show expenditures on repairs to the home that exceed the amount paid by Allstate. (Doc. 22-3). They claim that these have already been produced to Allstate. As the documents do in fact show the Battistes spent more on repairs than they were given by Allstate, the Court finds they have met their burden and summary judgment is inappropriate at this time.

For these reasons, Defendant's motion for summary judgment (doc. 14) is DENIED.

Signed in Baton Rouge, Louisiana, on May 24, 2012.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**